UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JATIN JATIN,<br>Petitioner,<br>v.<br>MARK BOWEN, Acting Warden of the Adelanto Detention Center, et al.,<br>Respondents. | Case No. 5:26-cv-00227-PD<br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br>**A# 226-136-968** |

Jatin Jatin ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking release, or in the alternative a bond hearing, from Respondents' custody at the Adelanto ICE Processing Center in Adelanto, California. Dkt. No. 1. All parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, and this action has been reassigned to the undersigned for all purposes. Dkt. No. 23.

On February 1, 2026, the District Judge granted a preliminary injunction and ordered Respondents to provide Petitioner an individualized bond hearing under 8 U.S.C. § 1226(a) within ten days or release him. Dkt.

No. 9. Petitioner received that hearing on February 24–25, 2026, and the Immigration Judge denied bond. Dkt. No. 14-1. The Court ordered supplemental briefing on whether that hearing cured the due process violation alleged in the Petition. Dkt. No. 17. The Court has considered the Petition, the parties' supplemental briefs, the Immigration Court's Bond Order, and the transcript of the bond hearing. Dkt. Nos. 1, 14-1, 18, 19, 21.

## I. Background

The Court incorporates by reference the allegations set forth in the Petition. Dkt. No. 1.

## II. Discussion

The Petition raises three claims: (1) Petitioner's classification as subject to mandatory detention under 8 U.S.C. § 1225(b), and his resulting ineligibility for bond, violates his right to substantive due process under the Fifth Amendment; (2) his re-detention without a pre-deprivation hearing violates his right to procedural due process; and (3) the application of § 1225(b) to him violates the Immigration and Nationality Act ("INA") because he is instead subject to discretionary detention under 8 U.S.C. § 1226(a). Petition ¶¶ 30, 34–37, 39.

Petitioner does not dispute that he received a bond hearing. Respondents do not dispute that no hearing preceded his re-detention. The question presented is whether the bond hearing Petitioner received afforded him constitutionally adequate process.

### A. **Proce**dural Due Process

Courts in this District have found that re-detention, without notice or a pre-deprivation hearing, of a noncitizen who had been released on conditions shortly after their entry into the United States and had complied fully with those conditions, violated procedural due process. *See Aperyan v. Semaia*,

No. 26-cv-00699, 2026 WL 874734, at *4 (C.D. Cal. Mar. 27, 2026) (ordering release of noncitizen released on Alternative to Detention ("ATD") supervision and re-arrested at an Immigration and Customs Enforcement ("ICE") check-in); *Meneses v. Santacruz*, 811 F. Supp. 3d 1158 (C.D. Cal. 2025); *M.V.F. v. Santacruz*, No. 25-cv-11700, 2025 WL 3691419, at *5 (C.D. Cal. Dec. 19, 2025). In each of those cases, however, the petitioner received no custody determination of any kind, and the relief ordered was designed to supply the process that had been withheld. Where a bond hearing has in fact been held, courts in this District have denied relief. *See Aguilar v. Semaia*, No. 26-cv-00023, 2026 WL 166906, at *5–6 (C.D. Cal. Jan. 16, 2026); *Zhang v. Noem*, No. 26-cv-00530-JLS-PD, Dkt. No. 24, at 13–14 (C.D. Cal. May 20, 2026), *adopted*, 2026 U.S. Dist. LEXIS 141461 (C.D. Cal. June 24, 2026).

As in these cases, the Court considers Petitioner's procedural due process claim under the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). The *Mathews* test balances three factors:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

The Court's review is limited. The Attorney General's discretionary judgment regarding detention and the denial of bond is not reviewable in federal court. 8 U.S.C. § 1226(e). Federal courts retain jurisdiction under 28 U.S.C. § 2241 to review constitutional or legal errors made during bond hearings. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022); *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017). The Court may therefore consider whether Petitioner was afforded the process he was due,

but may not review the merits of the Immigration Judge's bond decision. *See Aguilar*, 2026 WL 166906, at *4.

**1. Private Interest**

Petitioner has a substantial private interest in remaining out of custody. Petitioner entered the United States on September 17, 2024, was found to have a credible fear of return, and was released the same day on an Order of Release on Recognizance subject to ATD monitoring and monthly check-ins with ICE. Petition ¶¶ 1–2. He resided in the United States for approximately sixteen months before his re-detention on January 9, 2026. During that time he timely filed an application for asylum, obtained work authorization and employment, and maintained a fixed address. *Id.* ¶¶ 3, 21. He has no documented criminal history in the United States.

While Petitioner remained subject to supervision during this time, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Hurd v. D.C. Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (collecting cases). Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'" *Hogarth v. Santacruz*, No. 25-cv-09472, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

In finding that a liberty interest exists, however, the Court must also consider the process Petitioner has been afforded while in detention and the further process available to him. *See Rodriguez Diaz*, 53 F.4th at 1208 (in considering the first *Mathews* prong, courts cannot simply count the length of

detention but must also consider the process received during that time and further process available). This factor weighs in Petitioner's favor.

**2. Risk of Erroneous Deprivation**

The risk of an erroneous deprivation of a petitioner's liberty interest is considerable where he has not received any bond or custody redetermination. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). That is not the case here. Pursuant to the District Judge's order, Petitioner received an individualized bond hearing before an Immigration Judge on February 24–25, 2026, approximately six and a half weeks after his re-detention. Dkt. Nos. 9, 21. He was represented by counsel. The Immigration Judge confirmed on the record that he would consider Petitioner for bond under § 1226(a), and the Department of Homeland Security ("DHS") did not object. Dkt. No. 21. Petitioner submitted an employment letter and paystubs, a sponsor letter, and evidence of work authorization, a driver's license, and a fixed address, and argued that the ATD irregularities recorded on his Form I-213 resulted from tracker malfunctions that he promptly reported and corrected. *Id.* DHS relied on those irregularities and on deficiencies in Petitioner's documentation to argue that he presents a risk of flight. *Id.* The Immigration Judge denied bond by written order, finding that Petitioner had not met his burden as to flight risk. Dkt. No. 14-1. Petitioner does not contend that he lacked notice, counsel, an opportunity to present evidence, or a neutral decisionmaker.

Petitioner contends that the hearing nonetheless failed to comply with due process because the Immigration Judge required him to prove that he is not a flight risk, rather than requiring the Government to justify his detention by clear and convincing evidence. Dkt. No. 19. The Ninth Circuit has repeatedly described the burden at a § 1226(a) bond hearing as resting on the detainee at a preponderance standard. *Rodriguez Diaz*, 53 F.4th at 1197;

*Hernandez*, 872 F.3d at 983; *Flores v. Lynch*, 828 F.3d 898, 909 (9th Cir. 2016). The Supreme Court has held that nothing in § 1226(a) "even remotely supports the imposition of" a requirement that the Government "prove by clear and convincing evidence that the alien's continued detention is necessary." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). Petitioner relies on authority imposing that burden under 8 U.S.C. § 1226(c) (*see Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024)), but § 1226(c) governs the mandatory detention of noncitizens convicted of specified offenses and presents constitutional concerns not raised by an initial discretionary custody determination. Petitioner identifies no authority holding that the absence of a pre-deprivation hearing shifts the burden of proof at a subsequent § 1226(a) bond hearing, and the Court is aware of none. On this record, the allocation of the burden of proof did not violate due process.

Petitioner further contends that no post-deprivation process can cure a completed deprivation, because a bond hearing evaluates whether detention may continue rather than whether the initial deprivation was lawful. Dkt. No. 19. That position cannot be reconciled with *Rodriguez Diaz*, which directs courts to weigh the process actually received rather than to treat the initial deprivation as fixed. 53 F.4th at 1208. Nor is Petitioner without further process. He may seek a new bond hearing upon a showing of materially changed circumstances, 8 C.F.R. § 1003.19(e), and may appeal an adverse custody determination to the Board of Immigration Appeals, 8 C.F.R. § 236.1(d)(3). *See Rodriguez Diaz*, 53 F.4th at 1208–10. Petitioner's removal proceedings also remain pending[1], and the application for asylum he filed in 2024 has not yet been adjudicated. Although the asylum application is the subject of a separate proceeding, its resolution may hasten relief in other

[1] With a next court date of August 24, 2026.

matters, including those before this Court, and Petitioner remains free to seek an individual hearing date on that application.

Based on the record, the bond hearing procedures sufficiently protected Petitioner's liberty interest and mitigated the risk of erroneous deprivation.

**3. Government Interest**

As to the third *Mathews* factor, "the government clearly has a strong interest in preventing [noncitizens] from remain[ing] in the United States in violation of our law." *Rodriguez Diaz*, 53 F.4th at 1208 (quoting *Demore v. Kim*, 538 U.S. 510, 518 (2003)). The Ninth Circuit has recognized the government's interest in preventing individuals from absconding while their removal proceedings are pending. *Id.* That interest is relevant here to the Immigration Judge's finding that Petitioner presents a risk of flight. This factor weighs against relief.

In sum, although Petitioner's private interest weighs in his favor, the record establishes that the process he received is sufficient to protect that interest. *See Rodriguez Diaz*, 53 F.4th at 1213 ("Due process is a flexible concept that varies with the particular situation.") (citation omitted). Petitioner's present confinement is not caused by the absence of a pre-deprivation hearing. It is caused by an individualized determination, made after a counseled adversarial hearing and explained in a written order, that Petitioner presents a risk of flight—a determination that remains subject to revisiting in the immigration court and that this Court may not review on the merits. The Court does not hold that the failure to afford Petitioner a pre-deprivation hearing was lawful. It holds only that the hearing he subsequently received afforded him constitutionally adequate process. As Petitioner has not shown that procedural due process requires either his release or a new bond hearing, Count Two is denied.

B. **Remaining Counts**

Counts One and Three both challenge Petitioner's classification as subject to mandatory detention under § 1225(b), and both seek the same relief: treatment under § 1226(a) and an individualized bond hearing. Petition ¶¶ 30, 39. Petitioner is correct on the law. In *Rodriguez Vazquez v. Bostock*, decided while this matter was under submission, the Ninth Circuit held that noncitizens present without admission who are apprehended in the interior of the United States are not subject to mandatory detention under § 1225(b)(2)(A), and are instead detained under § 1226(a), which permits release on bond. No. 25-6842, 2026 WL 2196424, at *10 (9th Cir. July 30, 2026).

Petitioner has nonetheless received the relief these counts seek. The District Judge ordered, and Petitioner received, an individualized bond hearing under § 1226(a). Dkt. Nos. 9, 14-1. The automatic-stay provision challenged in Count One, 8 C.F.R. § 1003.19(i)(2), was never triggered, because it applies only where an Immigration Judge orders a noncitizen released and DHS appeals; bond was denied here. Accordingly, Counts One and Three are dismissed as moot. *Accord Zhang*, Dkt. No. 24, at 14.

## III. Conclusion

The Court denies the Petition as to Count Two and dismisses Counts One and Three as moot. Because Petitioner received the bond hearing ordered by the District Judge, Respondents' requests made in their February 16, 2026 status report, that this action be dismissed for lack of prosecution or stayed (Dkt. No. 10) are denied as moot. Nothing in this Order prevents Petitioner from seeking a new bond hearing before the immigration court upon a showing of materially changed circumstances—including circumstances arising from the progress or adjudication of his pending

application for asylum—or from raising a future challenge should the circumstances of his detention materially change.

## IV. Order

For the foregoing reasons, the Petition for Writ of Habeas Corpus is DENIED as to Count Two, and Counts One and Three are DISMISSED as moot.

Judgment shall be entered denying the Petition.

IT IS SO ORDERED.

DATED: August 19, 2026

Patricia Donahue

Patricia Donahue
United States Magistrate Judge